Sean M. Topping (Attorney ID No. 235462017)
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10019
(212) 318-3400
sean.topping@nortonrosefulbright.com

*Attorneys for Defendant SHI International Corp.*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY
### (Trenton Vicinage)

| | |
|---|---|
| MICHAEL MANTAGAS and MICHAEL ROBINA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHI INTERNATIONAL CORP.,<br><br>Defendant. | CIVIL ACTION No. 22-cv-____ |

### DEFENDANT SHI INTERNATIONAL CORP.'S
### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, 1446, and 1453, Defendant SHI International Corp. ("SHI"), a business incorporated in New Jersey with its principal office located at 290 Davidson Avenue, Somerset, New Jersey, hereby removes this action from the Superior Court of New Jersey, Law Division, Somerset County, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, SHI avers as follows:

### PROCEDURAL HISTORY AND PLAINTIFFS' ALLEGATIONS

1. <u>Complaint:</u>   On August 24, 2022, Plaintiffs filed a Civil Action Class Complaint ("Complaint" or "Compl.," attached as Exhibit A) with jury demand, against SHI in the Superior

Court of New Jersey, Law Division, Somerset County (Docket No. SOM-L-000941-22).  (Compl. ¶ 1)  Plaintiffs seek certification of this putative class action in connection with a data breach suffered by SHI for "at least 11,000 persons whose data was compromised in [the] Data Breach."  (Compl. ¶ 135)  SHI was served with Summons and the Complaint on October 26, 2022.  (*See* Ex. A)

2. Plaintiffs allege that on July 27th, 2022, SHI gave notice to Plaintiffs (and putative Class Members) that it "discovered 'unauthorized access to its computer systems' and that employee data was 'compromised.'"  (Compl. ¶ 32)  Plaintiffs allege that personal identifying information ("PII") and private health information ("PHI") was in SHI's possession and was "unlawfully accessed due to the Data Breach."  (Compl. ¶¶ 1-2)

3. Plaintiffs state four causes of action in the Complaint:  Negligence, Breach of Implied Contract, Unjust Enrichment, and Invasion of Privacy.  (Compl. ¶¶ 143-201)  Plaintiffs seek, *inter alia*, the following forms of relief for themselves and the putative Class:  (i) class certification and appointment of Plaintiffs and their counsel to represent the Class; (ii) equitable relief relating to the handling and storage of data; (iii) restitution and disgorgement; (iv) "lifetime credit monitoring services for Plaintiffs and the Class"; (v) actual, compensatory, statutory, and nominal damages; (vi) punitive damages; (vii) attorneys' fees and costs; (viii) pre- and post-judgment interest; and  (ix) any "further relief as this court may deem just and proper."  (Compl. ¶ 201)

**THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

4. This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), as codified in 28 U.S.C § 1332 *et. seq.*  There is no presumption against removal in CAFA cases and "provisions should be read broadly, with a strong preference that interstate class

actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). CAFA gives federal district courts original jurisdiction over class actions where: (i) there are at least 100 members in the putative class, (ii) any member of a class of plaintiffs is a citizen of a state different from any defendant (*i.e.,* minimal diversity of citizenship), and (iii) the aggregate amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d).

5. This action clearly satisfies all three elements necessary under CAFA for this court to retain jurisdiction.

6. <u>This is a Putative Class Action:</u>  This case presents a class action within the definition of CAFA because Plaintiffs seek class action certification under Rule 23 of the Federal Rules of Civil Procedure. (*See* Compl. ¶ 142 ("[P]articular issues under Fed. R. Civ. P. 23(c)(4) are appropriate for certification . . ."));  *see also* § 1332(d)(1)(B) ("'[C]lass action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure . . ."))

7. <u>There are at least 100 Class Members:</u>  For CAFA to apply, "all proposed plaintiff classes in the aggregate" must be 100 or more. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiffs propose a class of "[a]ll persons" whose information was potentially compromised in the data breach and "who were sent Notice of the Data Breach." (Compl. ¶ 131) Plaintiffs allege that this class consists of "at least 11,000 persons whose data was compromised" in the data breach. (Compl. ¶ 135) Plaintiffs' allegation that the Class consists of more than 100 members satisfies this element of CAFA jurisdiction. *See Judon v. Travelers Prop. Cas. Co. of Am.,* 773 F.3d 495, 500 (3d Cir. 2014) ("Because [plaintiff] explicitly asserted in her complaint that there are 'hundreds of members,' [defendant] was entitled to rely on this fact as an admission in favor of jurisdiction.").

SHI also provides a sworn declaration from a current SHI employee with knowledge of the business confirming that SHI employed 5,354 individuals in the United States at the time of the alleged breach. (Declaration of Ellen Mass, dated November 23, 2022 ("Mass Decl."), attached as Exhibit B ¶¶ 6-7)

8.  <u>There is minimal diversity of citizenship:</u>  Under CAFA, minimal diversity is met if "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. 1332(d)(2). Further, a class action "may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought." 28 U.S.C. § 1453(b). While the two named Plaintiffs and Defendant SHI are allegedly New Jersey citizens, many putative class members, as defined by Plaintiffs, are citizens of other states. As stated above, Plaintiffs propose a class of "[a]ll persons" whose data was compromised by the alleged data breach and were sent "Notice of the Data Breach." (Compl. ¶ 131)  At various points, Plaintiffs identify numerous categories of potential class members including: current employees, former employees, employee applicants, family members of current and former employees, students, independent contractors, and "other personnel." (Compl. ¶¶ 28, 48, 49, 92, 190)  Plaintiffs do not restrict the proposed Class to only those who are United States residents or citizens. Moreover, Plaintiffs acknowledge that SHI "is an international provider of IT services" and employs "5,000 individuals in the U.S., the United Kingdom, and the Netherlands." (Compl. ¶ 21)

9.  Plaintiffs' proposed Class potentially includes a large number of non-New Jersey citizens, including approximately 1,399 employees in Texas and 1,387 in 44 other states at the

time of the breach[1], Mass Decl. ¶ 9, which is sufficient to meet CAFA's diversity requirements. Domestically, SHI has locations and facilities in eighteen states, including a second corporate headquarters in Austin, Texas. (*See SHI Locations and Facilities*, SHI, https://www.shi.com/about/locations-and-facilities (last visited Nov. 7, 2022))  Internationally, SHI has offices in seven countries other than the United States. (*Id.*)  As of July 2022, SHI had 5,534 employees in the United States, not including job applicants or family members, a majority of which reside outside New Jersey. (Mass Decl. ¶¶ 7-10)  Based on Plaintiffs' allegations, SHI's allegations in this Notice, and jurisdictional facts submitted in the Mass Declaration, the Court can conclude that CAFA's minimal diversity requirement is met.

10.   The Amount in Controversy Requirement is Met:   CAFA requires that the aggregated claims of individual class members "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6); *see also Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). The damages that Plaintiffs allege for themselves and a putative class of over 11,000 individuals easily surpass $5,000,000.

---

[1] Plaintiffs make no specific allegations regarding the citizenship of any of the over 11,000 putative class members. (Compl. ¶¶ 16-18)  However, this Court may consider evidence presented beyond the Complaint for purposes of remand, including allegations in the notice of removal and supporting affidavits. *See, e.g.*, *Mejias v. Goya Foods, Inc.*, No. 20-cv-12365, 2021 WL 3879100, at *3 (D.N.J. Aug. 30, 2021) (considering both pleadings in notice of removal and later filed declarations in finding Defendants had established subject matter jurisdiction pursuant to CAFA); *Castro v. Linden Bulk Transp. LLC*, No. 19-cv-20442, 2020 WL 2573288, at *2 (D.N.J. Apr. 20, 2020) ("To determine whether CAFA's subject matter jurisdictional requirements are satisfied, courts consider the allegations in the complaint at the time of removal and defendant's notice of removal.").

11. Plaintiffs state that the personal information allegedly compromised "can be sold at a price ranging from $40 to $200." (Compl. ¶ 66) Assuming a putative class of 11,000 individuals, the value alleged by Plaintiffs of such personal information itself could be upwards of $2,200,000.

12. Plaintiffs' pleaded damages, however, are far greater, as they seek not only actual damages, but also compensatory damages, statutory damages, punitive damages, equitable relief, and specifically "lifetime credit monitoring services." (Compl. ¶ 201) Courts within this Circuit have recently valued such monitoring services as between roughly $120 to $240 per person per year. *See Fulton-Green v. Accolade, Inc.,* No. 18-cv-274, 2019 WL 4677954, at *12 (E.D. Pa. Sept. 24, 2019) ("[I]dentity theft monitoring has a retail value of $9.99 or $19.99 per month"); *Rauhala v. Greater New York Mut. Ins., Inc.*, No. CV 22-1788, 2022 WL 16553382, at *2 n.17 (E.D. Pa. Oct. 31, 2022) ("[Plaintiff] alleges there are 34,000 putative class members. The aggregate amount in controversy exceeds $5 million because her request for at least *five years* of credit monitoring services for the class would cost more than $20 million") (emphasis added); *see also* Michelle Black, *Credit Monitoring: Is it Worth Paying for?*, FORBES (Aug. 18, 2020, 5:16 PM), https://www.forbes.com/advisor/credit-score/credit-monitoring-is-it-worth-paying-for/ (citing ranges from $9.99 to $29.99 per month for popular credit monitoring services).

13. Assuming the monitoring services Plaintiffs seek cost $120 a year, per person (a conservative estimate), the total annual monitoring cost for 11,000 class members would be $1,320,000. Assuming further that an average individual's remaining lifespan is 30 years[2] results

---

[2] The median age of the U.S. workforce is 41.7 years as of 2021. *See* MEDIAN AGE OF THE LABOR FORCE, BY SEX, RACE AND ETHNICITY, U.S. BUREAU LAB. STAT., https://www.bls.gov/emp/tables/median-age-labor-force.htm (last visited Nov. 8, 2022). The average life expectancy in the U.S. is 76.1 years. *See Life Expectancy Dropped for the Second*

in potential credit monitoring damages alone of nearly $40,000,000 – more than eight times CAFA's minimum amount in controversy requirement.

### THIS COURT HAS FEDERAL QUESTION SUBJECT MATTER JURISDICTION

14. In addition to CAFA, removal is also proper because federal question subject matter jurisdiction also exists. Federal District Courts have original jurisdiction over "all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C § 1331. Federal jurisdiction exists when a federal question is presented "on the face" of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (stating the "well-pleaded complaint" rule).

15. <u>Plaintiffs allege violations of the Federal Trade Commission ("FTC") Act</u>: Plaintiffs allege that "SHI's failure to employ reasonable and appropriate measures to protect against unauthorized access . . . constitutes an unfair act or practice prohibited by Section 5 of the FTC Act, 15 U.S.C § 45." (Compl. ¶ 86) Plaintiffs also allege a federal duty, stating that "[p]ursuant to Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, Defendant had a duty to provide fair and adequate computer systems and data security practices." (Compl. ¶ 148) Plaintiffs accordingly seek "statutory damages" arising from SHI's alleged violation of the FTC Act. (Compl. ¶ 201) Plaintiffs' attempt to pursue a federal cause of action under the FTC Act raises a significant federal question on the face of the Complaint and gives this Court subject matter jurisdiction.

16. <u>Plaintiffs seek certification of a federal class action under Rule 23</u>: Plaintiffs also overtly seek class certification under the Federal Rules of Civil Procedure. (*See* Compl. ¶ 142

---

*Year in a Row in 2021*, CTR. DISEASE CONTROL (Aug. 31, 2022), https://www.cdc.gov/nchs/pressroom/nchs_press_releases/2022/20220831.htm (last visited Nov. 8, 2022).

("particular issues under Fed. R. Civ. P. 23(c)(4) are appropriate for certification.")) Nowhere in their Complaint do Plaintiffs allege class action factors under New Jersey law, but instead they recite the factors of Rule 23 and then invoke that rule specifically. (Compl. ¶¶ 130-143) Rule 23 is a federal procedural rule that is dictated by Congress, and by requesting its application in the Complaint Plaintiffs raise a significant federal question. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins*. Co., 559 U.S. 393, 400 (2010) ("Congress, unlike New York, has ultimate authority over the Federal Rules of Civil Procedure").

**OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

17.   <u>Consent:</u>  SHI is the only defendant named in the Complaint and consent of all defendants is not required under CAFA. 28 U.S.C. § 1453(b) (a class action "may be removed by any defendant without the consent of all defendants").

18.   <u>Removal to the Proper Court:</u> Removal to the United States Court for the District of New Jersey, Trenton Vicinage, is proper because this Court is part of the district and division "embracing the place" – Superior Court of New Jersey, Law Division, Somerset County – where this action was initially filed. 28 U.S.C. §1441(a).

19.   <u>Removal is Timely:</u> This action was filed on August 24th, 2022. (Exhibit A) SHI was served with the Summons and Complaint on October 26, 2022. (*Id.*) This Notice of Removal is filed on November 23, 2022, within 30 days after service on SHI, in accord with 28 U.S.C. § 1446(b). This Notice of Removal is signed according to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

20.   <u>Notice to Plaintiffs and State Court</u>: After filing this Notice of Removal, SHI will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Superior Court of New Jersey, Law Division, Somerset County in

accordance with 28 U.S.C. § 1446(d).  A Certificate of Service affirming the foregoing is attached to this Notice of Removal.

21.     <u>Pleadings, Process, and Orders</u>:  True and correct copies of all process, pleadings, and orders served on Defendant SHI in Superior Court of New Jersey, Law Division, Somerset County in the action pending are attached hereto in Exhibit A.

## NON-WAIVER OF DEFENSES

22.     By removing this action from Superior Court of New Jersey, Law Division, Somerset County, SHI does not waive any defenses available to it.

23.     By removing this action from Superior Court of New Jersey, Law Division, Somerset County, SHI does not admit any of the allegations in Plaintiffs' complaint.

24.     If any question arises as to the propriety of the removal of this action, SHI respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**WHEREFORE**, SHI INTERNATIONAL CORP. removes the above-captioned action from the Superior Court of New Jersey, Law Division, Somerset County to the United States District Court for the District of New Jersey.

Dated:  November 23, 2022

NORTON ROSE FULBRIGHT US LLP

By: */s/ Sean M. Topping*
Sean M. Topping (Attorney ID No. 235462017)
1301 Avenue of the Americas
New York, New York 10019
(212) 318-3400
sean.topping@nortonrosefulbright.com

*Attorneys for Defendant SHI International Corp.*

## CERTIFICATE OF SERVICE

  I, Sean M. Topping, hereby certify that I have on this day, November 23, 2022, filed the foregoing document, and all attachments thereto, using this Court's electronic filing system. Additionally, the foregoing document, and all attachments thereto, was served upon Victoria Maniatis, 100 Garden City Plaza, Suite 500, Garden City, NY 11530 by email (vmaniatis@milberg.com) and via FedEx overnight mail service.

Dated: November 23, 2022

NORTON ROSE FULBRIGHT US LLP

By: */s/ Sean M. Topping*

Sean M. Topping (Attorney ID No. 235462017)
1301 Avenue of the Americas
New York, New York 10019
(212) 318-3400
sean.topping@nortonrosefulbright.com

*Attorneys for Defendant SHI International Corp.*